UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NATHAN BAHAM                                              CIVIL ACTION

VERSUS                                                    NO. 18-160-SDD-EWD

NATIONAL LIABILITY AND
FIRE INSURANCE COMPANY

**ORDER**

Before the Court is a Complaint filed by plaintiff Nathan Baham.[1] In the Complaint, Plaintiff asserts this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2] The Complaint contains the following allegations regarding citizenship of the parties:

> The following named party is the complainant herein, to-wit:
> 1. Nathan T. Baham, a person of full age and majority and domiciled in St. Tammany Parish.
> The above named complainant respectfully represents as follows, to-wit:
> 
> I.
> 
> The following named parties are made respondents herein, to-wit:
> (a) NATIONAL LIABILITY AND FIRE INSURANCE COMPANY, a foreign insurance company authorized to do and doing business in the State of Louisiana;
> (b) ALDACO TRUCKING, L.L.C., a foreign corporation with its principal place of business in Southaven, DeSoto County, Mississippi; and
> (c) TERRY JERELL JEFFERSON, a person of full age of majority domiciled in Southaven, DeSoto County, Mississippi.[3]

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction under 28 U.S.C. § 1332. In the Complaint, citizenship has not been

---

[1] R. Doc. 1.
[2] *Id.* at Introductory Paragraph.
[3] *Id.* at Introductory Paragraph and ¶ I.

adequately alleged. While the citizenship of plaintiff Nathan T. Baham and defendant Terry Jerell Jefferson has been adequately alleged,[4] the citizenship of National Liability and Fire Insurance Company and Aldaco Trucking, LLC has not been adequately alleged. With respect to National Liability and Fire Insurance Company, the Complaint fails to specify what form of entity it is, alleging only that it is "a foreign insurance company authorized to do and doing business in the State of Louisiana."[5] If National Liability and Fire Insurance Company is a corporation, Plaintiff must allege the entity's place of incorporation and principal place of business. *See*, 28 U.S.C. § 1332(c). If, however, National Liability and Fire Insurance Company is an unincorporated association or a limited liability company, Plaintiff must allege the name and domicile of each member of the entity. *See, Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

With respect to Aldaco Trucking, LLC, which is alleged to be a foreign corporation, Plaintiff must allege the entity's place of incorporation and principal place of business. *See*, 28 U.S.C. § 1332(c). However, if Aldaco Trucking, LLC is a limited liability company, Plaintiff must allege the name and domicile of each member of the limited liability company. The same requirement applies to any member of a limited liability company which is also a limited liability company. *See, Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civ. A. No. 06-88-A, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

---

[4] The Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted).
[5] R. Doc. 1 at ¶ I(a).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall have seven (7) days from the date of this Order to file a comprehensive amended Complaint (*i.e.*, it may not refer back to or rely on any previous pleading) that includes all of Plaintiff's numbered allegations and adequately alleges the citizenship of all parties, which will become the operative complaint in this matter without reference to any other document in the record.

Signed in Baton Rouge, Louisiana, on February 21, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**